UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., MATTHEW HOWARD, and LEXIE JORDAN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| v. | ) ) | (Arising from District of South Carolina Case No. 4:22-cv-01337-JD) |
| KATHLEEN FUTRELL, JEFF FUTRELL, and AUSTIN FUTRELL, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL NON-PARTY HALE AUCTION CO. LLC d/b/a 5-H RANCH EXOTIC ANIMAL AUCTION TO PRODUCE DOCUMENTS**

Plaintiffs People for the Ethical Treatment of Animals, Inc. ("PETA"), Matthew Howard, and Lexie Jordan (collectively, "Plaintiffs"), through counsel, move this Court, under Fed. R. Civ. P. 45(d)(2)(B)(i), and Local Rule 3.04, to enter an order compelling non-party Hale Auction Co. LLC d/b/a 5-H Ranch Exotic Animal Auction ("Hale Auction Co.") to respond to Plaintiffs' subpoena for the production of documents, and awarding Plaintiffs their costs in litigating this motion. Hale Auction Co. has neither objected nor responded to any portion of Plaintiffs' subpoena. During telephone calls with Plaintiffs' counsel on February 9, 2023 and May 9, 2023, John Hale indicated Hale Auction Co. intended to produce documents in response to the subpoena and would do so "in the next few days." However, Hale Auction Co. completely failed to follow through both times, and has not responded to several phone calls and text messages from Plaintiffs' counsel over the last several weeks in which Plaintiffs' counsel attempted to meet and confer with Hale Auction Co. to avoid motion practice.

1

Plaintiffs' narrowly tailored subpoena seeks documents evidencing the nature and details of Hale Auction Co.'s acquisition, care, and disposition of several animals at the heart of Plaintiffs' underlying action against Kathleen Futrell, Jeff Futrell, and Austin Futrell (together, "Defendants"). In the underlying suit, Plaintiffs challenge Defendants' violations of both the federal Endangered Species Act ("ESA") and South Carolina public nuisance laws by allegedly mistreating or providing inadequate care to over 400 animals ("subject animals"), whom Defendants exhibited to the public at Waccatee Zoological Farm ("Waccatee") in Myrtle Beach, South Carolina. Despite preservation obligations and without prior notice to Plaintiffs or the court, Defendants transferred many of the subject animals away from the Waccatee premises before Plaintiffs could inspect them there.

Based on information provided to Plaintiffs by non-party Robert Scott Brown, who facilitated the transfers of the subject animals away from Waccatee, Hale Auction Co. possessed three domestic sheep, four aoudad sheep, and two goats from Defendants. In an attempt to obtain necessary evidence as to the condition and whereabouts of those animals, Plaintiffs subpoenaed Hale Auction Co. in accordance with a Preservation Order issued by the court in the underlying action that authorized Plaintiffs to pursue discovery against non-parties who had possession of any of the transferred subject animals.

Because Plaintiffs' document demands are narrowly tailored and seek relevant evidence concerning the condition and whereabouts of the subject animals and Hale Auction Co.'s dealings with Defendants or Mr. Brown, Plaintiffs' motion to compel should be granted. Additionally, because Hale Auction Co. has no good reason for failing to respond to the subpoena and Plaintiffs' multiple attempts to meet-and-confer, Plaintiffs should be awarded the expenses they incurred or will incur in litigating the instant motion.

I.      **Background**

On April 26, 2022, Plaintiffs filed a complaint against Defendants in the United States District Court for the District of South Carolina ("DSC") challenging the Defendants' unlawful "takes" of endangered and threatened animals in violation of the ESA, as well as their unlawful mistreatment of the animals in a manner constituting a public nuisance under South Carolina state law (the "South Carolina Action"). *See* Declaration of Aaron Frazier dated June 21, 2023 ("Frazier Decl."), ¶ 3, attached hereto as **Exhibit 1**. The South Carolina Action is based on Defendants' long history of denying animals at Waccatee "the most basic necessities, including wholesome food, potable water, adequate veterinary care, and daily care by staff experienced in generally accepted animal husbandry practices." *See PETA v. Futrell*, No. 4:22-cv-01337-JD (DSC) at ECF No. 1, ¶ 52.

In the late summer of 2022, despite Plaintiffs having previously sent Defendants a preservation notice, Plaintiffs discovered Defendants transferred nearly all of the animals at issue in the South Carolina Action away from Waccatee, thereby raising numerous spoliation concerns. Frazier Decl., ¶ 4. After unsuccessfully attempting to address the matter with Defendants, Plaintiffs moved the court in the South Carolina Action for a preservation order. *See PETA v. Futrell*, No. 4:22-cv-01337-JD (DSC) at ECF No. 17. On October 7, 2022, the court granted that motion and ordered that "**Plaintiffs shall be permitted discovery . . . [from] any transferee persons or entities regarding animal transfers.**" *Id*. at ECF No. 24, at 4–5 (emphasis added). As the court further explained, **"[t]he animals here are not only the subject of this litigation but are vital pieces of relevant evidence for the Plaintiffs' case**," as "the central issues in the case involve the animals' state and living conditions at Waccatee Zoo." *Id*. at 3 (emphasis added). The court concluded, "to mitigate the extent to which relocation of some animals has compromised the

3

preservation of evidence, a court order is necessary to **ensure Plaintiffs have access to and knowledge of the status of the relocated animals at issue**." *Id*. at 4 (emphasis added).

Defendants in the South Carolina Action have not produced any records specific to the subject animals to date, even though Plaintiffs served them document demands and interrogatories last autumn. Frazier Decl., ¶ 8. Plaintiffs' motion to compel against Defendants remains pending before the court in the South Carolina Action. *See PETA v. Futrell*, No. 4:22-cv-01337-JD (DSC) at ECF No. 41. However, even if Plaintiffs' motion to compel against Defendants is granted, Plaintiffs will still need to pursue discovery against Hale Auction Co., in part because Defendants did not fulfill their obligations to keep and preserve records, whether under the terms of their now-expired Animal Welfare Act exhibitor's license or pursuant to their preservation duties as litigants. Frazier Decl., ¶ 9. Defendant Jeff Futrell testified at his deposition that Waccatee did not keep records, and that Waccatee did not track its animals after they left Waccatee's premises. Relevant portions of the deposition transcript of Jeff Futrell ("Futrell Tr.") are attached to the Frazier Declaration as Exhibit B.

After learning Mr. Brown sold several of Defendants' sheep and goats to Hale Auction Co., Plaintiffs served Hale Auction Co. with the subject subpoena for documents on January 20, 2023 (the "Subpoena"), consistent with the South Carolina District Court's Preservation Order. Frazier Decl., ¶ 7 & Ex. A to Declaration (document Subpoena to Hale Auction Co., along with confirmation of service of same). Plaintiffs' counsel Stacie C. Knight ("Ms. Knight") spoke with Mr. Hale via telephone on or about February 9, 2023. Frazier Decl., ¶ 10. During that call, Mr. Hale indicated Hale Auction Co. would produce documents "in the next few days." Frazier Decl., ¶ 10. However, Hale Auction Co. failed to make any production. Frazier Decl., ¶ 11.

After several attempts to reach Mr. Hale by telephone over the next couple of months

concerning the outstanding production, Plaintiffs' counsel Aaron Frazier was finally able to get Mr. Hale on the phone on May 9, 2023. Frazier Decl., ¶ 12. During that call, Mr. Hale stated Hale Auction Co. was not represented by any attorney with respect to the Subpoena, simply forgot to respond to the Subpoena, and still intended on producing documents in response to the Subpoena. Frazier Decl., ¶ 12. Mr. Frazier texted Mr. Hale immediately after that call, and again on May 10, 2023, after Mr. Hale failed to send the confirmation email Mr. Hale had promised. Frazier Decl., ¶ 13. After more unsuccessful attempts to reach Mr. Hale by telephone in the following weeks, Mr. Frazier sent Mr. Hale a final text message on May 26, 2023 warning that if Hale Auction Co. did not respond, Plaintiffs would have to get the Court involved.  Frazier Decl., ¶ 13. Mr. Hale did not return any of Mr. Frazier's calls or respond to any of Mr. Frazier's text messages. Frazier Decl., ¶ 13 & Ex. C to Declaration (screenshots of Mr. Frazier's text messages to Mr. Hale).

**II.     Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure, which governs discovery of non-parties by subpoena, authorizes the issuance of subpoenas to compel non-party witnesses to produce evidence and subjects them to discovery requests as if they were a party to the action. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of non-party discovery is further governed by Rule 26, which permits discovery of:

> [a]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A party may seek an order compelling disclosure from a non-party who fails to respond to a subpoena.  Fed. R. Civ. P. 37(a)(1). If the motion is granted, absent special

circumstances, the movant is entitled to an award of fees. Fed. R. Civ. P. 37(a)(5)(A).

### III. Argument

#### a. Plaintiffs Are Entitled to an Order Compelling Hale Auction Co. to Comply with the Subpoena Because Hale Auction Co. Has Failed to Respond and Waived Any Objections

The Court may order a non-party to comply with a subpoena when that non-party has failed to respond to the subpoena and raised no legal basis for such failure to respond. *See, e.g.*, *Dolemba v. LED Craft, Inc.*, No. 4:19-MC-0086 RLW, 2020 WL 134809, at *1 (E.D. Mo. Jan. 13, 2020) (ordering non-party who completely refused to provide discovery on certain topics to comply with subpoena, and warning non-party "that failure to comply with this Order may result in a finding that she is in contempt of court"). *See also In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2009 WL 3164425, at *1 (E.D. Mo. Sept. 28, 2009) (compelling non-parties to produce documents because the "non-parties were properly served with subpoenas in January and neither has produced the subpoenaed documents, nor have they formally objected to doing the same").

Hale Auction Co. has not raised any objections to the Subpoena, and its deadline to do so expired fourteen days after the January 20, 2023, date of service of the Subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B). Accordingly, Hale Auction Co. has waived any objections. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at *3 (E.D. Mo. July 15, 2011) ("by failing to timely serve written objections, Ms. Sewell and Mr. Sewell have waived any objections to the subpoenas").

In any event, Hale Auction Co. has no basis to challenge the Subpoena given it is narrowly tailored to discover relevant evidence of Hale Auction Co.'s dealings with Mr. Brown and/or Defendants concerning the subject animals, as well as Hale Auction Co.'s care of and disposition of the subject animals. This information is crucial to Plaintiffs' efforts to establish a timeline of

the subject animals' whereabouts as well as their physical and psychological health and living conditions, which Plaintiffs must do in order to distinguish between issues affecting the subject animals caused or exacerbated by Defendants, and those caused or exacerbated by others. This need formed the basis of the District of South Carolina's holding that Plaintiffs are entitled to this information about the "relocated animals at issue," including their "status," from "transferee persons or entities." *See PETA v. Futrell*, No. 4:22-cv-01337-JD (DSC) at ECF No. 24 at 3-5. *See also id.* at 3 (stating that these animals "are not only the subject of this litigation but are vital pieces of relevant evidence for the Plaintiffs' case," as "the central issues in the case involve the animals' state and living conditions at Waccatee Zoo.").

Furthermore, Hale Auction Co. has twice represented to Plaintiffs' counsel its intention to produce documents responsive to the Subpoena, but failed to follow through. Frazier Decl., ¶¶ 10 and 12. As indicated above, it is particularly important that Hale Auction Co. deliver on its promise given Defendants have not produced any details concerning the animals that ultimately went to Hale Auction Co. Additionally, Hale Auction Co.'s own acknowledgment of its obligations under the Subpoena further support Plaintiffs' entitlement to relief. *See, e.g.*, *Jones v. City of St. Louis*, No. 4:21CV600 HEA, 2023 WL 2075314, at *2 (E.D. Mo. Feb. 17, 2023) (granting plaintiff's motion to compel and ordering third party to produce responsive records within twenty days, explaining that the third party "acknowledged the subpoena and its intent to look for any responsive documents, but has miserably failed to comply to date."). Accordingly, the Court should grant Plaintiffs' motion.

### b. Plaintiffs Are Entitled to an Award of Fees

Federal Rule 37(a)(5)(A) requires the Court to award fees when a party successfully moves to compel disclosure against a person who did not cooperate in good faith with the movant's

attempts to obtain the disclosure without motion practice, and who had no good reason for the nondisclosure. Given Hale Auction Co. twice misled Plaintiffs that its production of documents was imminent, and has been ignoring Plaintiffs' attempts to confer despite Hale Auction's Co.'s production being over three months late, Hale Auction Co. did not cooperate in good faith with Plaintiffs' efforts to resolve the dispute without court action. The record also discloses nothing to suggest Hale Auction Co. was substantially justified in failing to respond to Plaintiffs' document demands. Accordingly, Plaintiffs are entitled to reimbursement from Hale Auction Co. for the expenses they incurred in litigating this motion. The Court should therefore grant Plaintiffs an award of fees, and set a deadline for Plaintiffs and Hale Auction Co. to come to an agreement on fees or for Plaintiffs to submit evidence of its fees and costs related to this motion.

### IV. Certification of Good Faith Attempt to Resolve Discovery Disputes

As set forth above and in the attached *Declaration of Aaron Frazier*, the undersigned hereby certifies that Plaintiffs' counsel in the DSC action has conferred with Hale Auction Co. multiple times prior to filing the instant motion, including:

- Plaintiffs' counsel Stacie C. Knight ("Ms. Knight") spoke with Mr. Hale via telephone on or about February 9, 2023. Frazier Decl., ¶ 10.
    - During that call, Mr. Hale indicated Hale Auction Co. would produce documents "in the next few days." Frazier Decl., ¶ 10. However, Hale Auction Co. failed to make any production. Frazier Decl., ¶ 11.
- After several attempts to reach Mr. Hale by telephone over the next couple of months concerning the outstanding production, Plaintiffs' counsel Aaron Frazier was finally able to get Mr. Hale on the phone on May 9, 2023. Frazier Decl., ¶ 12.
    - During that call, Mr. Hale stated Hale Auction Co. was not represented by any

       attorney with respect to the Subpoena, simply forgot to respond to the Subpoena, and still intended on producing documents in response to the Subpoena. Frazier Decl., ¶ 12.

- Mr. Frazier texted Mr. Hale immediately after that call, and again on May 10, 2023, after Mr. Hale failed to send the confirmation email Mr. Hale had promised. Frazier Decl., ¶ 13.
- After more unsuccessful attempts to reach Mr. Hale by telephone in the following weeks, Mr. Frazier sent Mr. Hale a final text message on May 26, 2023 warning that if Hale Auction Co. did not respond, Plaintiffs would have to get the Court involved. Frazier Decl., ¶ 13.
- Mr. Hale did not return any of Mr. Frazier's calls or respond to any of Mr. Frazier's text messages. Frazier Decl., ¶ 13 & Ex. C (screenshots of Mr. Frazier's text messages to Mr. Hale).

Despite these good faith attempts, the issues raised in this motion still remain unresolved.

**V. Conclusion**

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court enter an order: (a) compelling Hale Auction Co. to either (i) produce all documents responsive to Plaintiffs' document demands that are in its possession, custody or control, or (ii) confirm in writing the requested documents do not exist or are not within its possession, custody or control; and (b) awarding Plaintiffs their costs in litigating this motion and setting a deadline for the parties to come to an agreement on fees or for Plaintiffs to submit evidence of its fees and costs related to this motion.

| | |
|---|---|
| Dated: June 26, 2023 | Respectfully submitted,<br><br>POLSINELLI PC<br><br>/s/ James P. Martin<br>JAMES P. MARTIN (#50170)<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102<br>314.889.8000<br>Fax No: 314.231.1776<br>jmartin@polsinelli.com<br><br>**ATTORNEYS FOR PLAINTIFFS**<br>**PEOPLE FOR THE ETHICAL TREATMENT**<br>**OF ANIMALS, INC., MATTHEW HOWARD,**<br>**and LEXIE JORDAN** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically filed the foregoing Motion to Compel, along with the supporting Declaration of Aaron Frazier, with the Clerk of the Court by using the CM/ECF system. I further certify that Plaintiffs' counsel will: (1) cause a copy of the foregoing Motion to Compel, along with the supporting Declaration of Aaron Frazier, and the notice of electronic filing, to be served upon Hale Auction Co. LLC d/b/a 5-H Ranch Exotic Animal Auction (2325 Co Rd 618, Jackson, MO 63755), and (2) email a copy of the foregoing Motion to Compel, along with the supporting Declaration of Aaron Frazier, and the notice of electronic filing, to counsel for Defendants, Reese R. Boyd III (reese@davisboydlaw.com).

/s/ James P. Martin
JAMES P. MARTIN (#50170)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
314.889.8000
Fax No: 314.231.1776
jmartin@polsinelli.com

**ATTORNEYS FOR PLAINTIFFS**
**PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., MATTHEW HOWARD, and LEXIE JORDAN**